SHAMBLIN *v.* BOARD OF SUPERVISORS OF PRENTISS COUNTY.

(In Banc. Jan. 26, 1942.)

[5 So. (2d) 675. No. 34796.]

Sharp & Sharp, of Booneville, for appellant.

J. S. Finch, of Booneville, for appellee.

**McGehee, J.,** delivered the opinion of the court.

In an order which affirmatively adjudicated all the necessary jurisdictional facts for the issuance of bonds on behalf of the B. H. N. Special Consolidated School District of Prentiss County, Mississippi, for erecting, repairing and equipping school buildings and a teachers' home in said District as provided for by Section 6643, Code of 1930, the board of supervisors of said county therein directed the issuance and sale of such bonds in the sum of $10,000 to bear date of December 1, 1940, and in denominations of $500 each, one maturing December 1, 1944, and one on the first day of December each year thereafter up to and including the first day of December, 1963. An appeal was taken to the circuit court from this order of the board of supervisors, where the same was sustained by the circuit judge and the appeal dismissed. The appellant contends upon his appeal to this court that the board of supervisors was without authority of law to enter the order appealed from, and among other grounds argued

for a reversal of the cause is the fact that there is no authority of law for issuing bonds of a consolidated school district maturing in the manner provided for under this order.

Section 6737, Code of 1930, relating to the issuance of bonds for consolidated school districts or other legally established school districts, requires that "all the provisions of law in the chapter on public debts prescribing the method and procedure and conditions for the issuance of bonds and providing for the maturity, . . . . shall govern the issuance and payment of any of said bonds . . ." Then Section 5984, Code of 1930, found in Chapter 152 of the Code on Public Debts, requires that "all bonds issued shall be serial bonds maturing annually with all maturities not longer than twenty-five years with not less than one-fiftieth of the total issue to mature each year during the first five years of the life of said bonds, and not less than one-twenty-fifth of the said total issue to mature annually during the succeeding ten-year period of the life of said bonds and the remainder to be divided into approximately equal payments, one payment to mature during each year of the remaining life of the bonds." Thus it will be seen that the order of the board clearly violates the plain mandate of this statute as to the maturities of the bonds proposed to be issued.

But it is argued by the appellee that since said Section 5984 also authorized the issuance of said bonds at such time within four years after the right of the board of supervisors to do so had accrued, it was permissible to have the first bond of the $10,000 series mature four years after date. This statute, however, requires that not less than one-fiftieth of the total issue shall mature each year during the first five years of the life of said bonds, and their life would of course begin upon their issuance and sale without regard to whether they were issued and sold immediately when authorized or at a later time within the four-year period.

We are, therefore, of the opinion that the judgment of

the circuit court sustaining this order of the board of supervisors and dismissing the appeal of the appellant as objector should be reversed and the cause remanded. Reversed and remanded.